UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER ALAN JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1846** |
| **JUDICIAL SYSTEM OF LOUISIANA ON BEHALF OF ORLEANS PARISH COURTS, ET AL.** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual and Procedural Background

Plaintiff Christopher Alan Jackson ("Jackson"), an inmate housed in the Orleans Justice Center, submitted this *pro se* complaint under 42 U.S.C. § 1983 for filing claiming that Louisiana judicial system in Orleans Parish and law enforcement officials have deprived him of his civil rights and property rights in his home and biological identity. ECF No. 1, at 4-5, ¶IV (Deficient Complaint). Jackson did not pay the filing fee or submit an application to proceed *in forma pauperis*.

On October 15, 2021, the Clerk of Court sent Jackson a notice of this and other form deficiencies which required that he clearly identify the parties to the suit and either pay the filing fee or submit a certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 2. The envelope containing the notice has not been returned as undeliverable, and Jackson has not responded to the notice.

On December 1, 2021, the Court issued a Show Cause Order to Jackson requiring that, on or before January 3, 2022, he show cause for his failure to respond to the Clerk's notice and either pay the filing fee or submit a properly certified pauper application. ECF No. 3. The Clerk mailed the Order to Jackson at his address of record, and the envelope has not been returned as undeliverable. Jackson did not respond to the Show Cause Order and otherwise has not contacted the Court or the Clerk of Court about this case.

II.     **Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, plaintiff is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III. <u>Analysis</u>

As noted above, Jackson did not properly complete his form complaint or submit the required filing fee or pauper application. He did not respond to the Clerk's request to correct these deficiencies or the Court's Show Cause Order. His failure to respond to the notice and Order, pay the required fee, or apply for pauper status demonstrates his flagrant disregard for the orders and rules of this court and the steps required to properly file and prosecute this case.

For these reasons, Jackson's § 1983 complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

### IV. <u>Recommendation</u>

It is therefore **RECOMMENDED** that Christopher Alan Jackson's § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 11th day of March, 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.